ORIGINAL



Thomas W. Dressler (SBN 140073)
Dennis McPhillips (SBN 113452)
THE DRESSLER LAW GROUP LLP
707 Wilshire Blvd., Suite 3700
Suite 3700
Los Angeles, CA 90071
Tel:    213/439-4200
Fax:    213/439-1440

Attorneys for Linda Chu, Chapter 7 Trustee
for POWERCOM ENERGY AND
COMMUNICATIONS ACCESS, INC.

# UNITED STATES BANKRUPCTY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) CASE NO.: LA02-29177-EC |
| POWERCOM ENERGY AND COMMUNICATIONS ACCESS, INC. | ) Chapter 7 |
| | ) NOTICE OF OBJECTIONS AND OBJECTIONS TO CLAIMS OF: |
| Debtor, | ) 1. Claim No. 87 of Abbas Daryabeigi |
| | ) 2. Claim No. 90 of Mr. Art Kohli |
| | ) 3  Claim No. 91 of  Mr. Albert Vargo |
| | ) 4. Claim No. 95 of Ronald Parmenter |
| | ) 5  Claim No. 98 of Mr. & Mrs. Ronald Rice |
| | ) 6. Claim No. 101 of Vafa A. Khoshibin |
| | ) 7. Claim No. 104 of Harold Dee Andrews |
| | ) 8. Claim No. 106 of Mr. Paul Cook |
| | ) 9. Claim No.  108 of  Comnet Corp |
| | ) 10. Claim No. 109 of Dr. John Chiang |
| | ) MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF THOMAS W. DRESSLER IN SUPPORT THEREOF |
| | ) DATE:    May 14, 2009 |
| | ) TIME:      10:00 a.m. |
| | ) PLACE: Courtroom 1639 |
| | )            Roybal Federal Building |
| | )            255 East Temple Street |
| | )            Los Angeles, California 90012 |

FILED

APR 08 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

1
OBJECTIONS TO CLAIMS

1  **TO THE HONORABLE ELLEN CARROLL, UNITED STATES BANKRUPTCY JUDGE;**

2  **CREDITORS ON THE ABOVE LIST; THE OFFICE OF THE UNITED STATES TRUSTEE**

3  **AND OTHER INTERESTED PARTIES:**

4

5  **PLEASE TAKE NOTICE THAT** on May 14, 2009, at 10:00 a.m., or as soon thereafter as this

6  matter may be heard in Courtroom 1639 of the above-referenced court, located at 255 East Temple

7  Street, Los Angeles, California, the Court shall review the Objections of Linda J. Chu, Chapter 7 Trustee

8  (the "Trustee") of the Estate of Powercom Energy and Communications Access (the "Debtor") to the

9  Claims of the following creditors filed in this case on the following grounds:

10      1.    Claim No. 87 of Abbas Daryabeigi as Exhibit "A" hereto, there is no evidence that the

11             claimant is entitled to priority status under 11 U.S.C. § 507. The Trustee seeks to

12             reclassify the claim as a general unsecured creditor.

13      2.    Claim No. 90 of Mr. Art Kohli as Exhibit "B" hereto, there is no supporting

14             documentation attached to the claim that establishes competent evidence that the Debtor

15             owes this creditor money. There is no supporting documentation attached to the claim

16             that establishes competent evidence that the Debtor owes this any specific amount of

17             money. If claimant submits satisfactory competent evidence, the Trustee will seek to

18             reclassify the claim as a general unsecured claim.

19      3     Claim No. 91 of Mr. Albert Vargo as Exhibit "C" hereto, there is no supporting

20             documentation attached to the claim that establishes competent evidence that the Debtor

21             owes this any specific amount of money. If claimant submits satisfactory competent

22             evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

23      4.    Claim No. 95 of Ronald Parmenter as Exhibit "D" hereto, there is no supporting

24             documentation attached to the claim that establishes competent evidence that the Debtor

25             owes this any specific amount of money. If claimant submits satisfactory competent

26             evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

27

28

5.      Claim No. 98 of Mr. & Mrs. Ronald Rice as Exhibit "E" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. The Trustee seeks to reclassify the claim as a general unsecured creditor.

6.      Claim No. 101 of Vafa A. Khoshibin as Exhibit "F" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this creditor money. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

7.      Claim No. 104 of Harold Dee Andrews as Exhibit "G" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

8.      Claim No. 106 of Mr. Paul Cook as Exhibit "H" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this creditor money. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

9.      Claim No. 108 of Comnet Corp as Exhibit "I" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

10.      Claim No. 109 of Dr. John Chiang as exhibit "J" hereto, . There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor

owes this any specific amount of money.  If claimant submits satisfactory competent

evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

The Objection is based upon this Notice, the attached Objection to Claims, Memorandum of

Points and Authorities and Declaration of Thomas W. Dressler in support thereof, all pleadings and

records on file in this case and on such other and further evidence and argument as the court may

consider at the hearing on this objection.

**PLEASE TAKE FURTHER NOTICE** that Rule 9013-1(a)(7) of the Local Bankruptcy Rules

for the United States Bankruptcy Court for the Central District of California requires that a formal

written response to this Objection be filed and served upon the undersigned not later than fourteen (14)

days prior to the hearing on the Objection.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 9013-1(a)(11), failure of

any party to so file and serve such written opposition may be deemed to be consent to the sustaining of

the Objection.

Dated: _____, 2009

THE DRESSLER LAW GROUP, LLP

Dennis McPhillips
Attorneys for Linda Chu, Chapter 7 Trustee
of POWERCOM ENERGY AND
COMMUNICATIONS ACCESS, INC.

## OBJECTIION TO CLAIMS

Linda J. Chu, Chapter 7 Trustee (the "Trustee") of the Estate of Powercom Energy and Communications Access, Inc. (the "Debtor") hereby objects to the following claims on the following grounds. Each of the grounds is more fully set forth in the attached Memorandum of Points and Authorities and supporting Declaration. The Trustee brings this objection pursuant to 11 U.S.C. § 502 and F. Rule Bank. Pro. 3007.

1.  Claim No. 87 of Abbas Daryabeigi as Exhibit "A" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. The Trustee seeks to reclassify the claim as a general unsecured creditor.

2.  Claim No. 90 of Mr. Art Kohli as Exhibit "B" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this creditor money. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

3   Claim No. 91 of Mr. Albert Vargo as Exhibit "C" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

4.  Claim No. 95 of Ronald Parmenter as Exhibit "D" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

5.  Claim No. 98 of Mr. & Mrs. Ronald Rice as Exhibit "E" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. The Trustee seeks to reclassify the claim as a general unsecured creditor.

6.    Claim No. 101 of Vafa A. Khoshibin as Exhibit "F" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this creditor money. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

7.    Claim No. 104 of Harold Dee Andrews as Exhibit "G" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

8.    Claim No. 106 of Mr. Paul Cook as Exhibit "H" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this creditor money. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

9.    Claim No. 108 of Comnet Corp as Exhibit "I" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

10.    Claim No. 109 of Dr. John Chiang as exhibit "J" hereto, . There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor

/ / /

/ / /

/ / /

1    owes this any specific amount of money.  If claimant submits satisfactory competent

2    evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

3

4    Dated: __4/7__, 2009

5

6                                        THE DRESSLER LAW GROUP, LLP

7

8                                        _____
                                         Dennis McPhillips
9                                        Attorneys for Linda Chu, Chapter 7 Trustee
                                         of POWERCOM ENERGY AND
10                                       COMMUNICATIONS ACCESS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF OBJECTIONS TO CLAIMS

On July 2, 2002, the Debtor commenced this case by filing a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Linda J. Chu was appointed as Trustee shortly thereafter. On September 24, 2003, the Clerk of this Court gave due and proper notice that claims must be filed "on or before" December 23, 2003 (the "Bar Date"). A true and correct copy of the Notice of Bar Date is Exhibit "1" hereto.

The assets of the estate consisted solely of causes of action that the Trustee successfully prosecuted to substantial monetary settlement over the next several years. One of the settlements is a settlement of a forfeiture claim asserted by the United States as part of its criminal case against certain of the Debtor's insiders. Pursuant to the forfeiture settlement (as approved by this court), the United States agreed to turnover the approximately $300,000 seized from Powercom and the Trustee agreed to separately administer that fund (the "Forfeiture Fund") so that Powercom investors who had not filed timely claims, but who filed claims prior to January 17, 2009 (the "Forfeiture Fund Bar Date")could receive a share of the Forfeiture Fund up to the distribution they would have received if they had filed a timely claim. Accordingly, those investors who filed timely claims will hold general unsecured claims while those investors who filed untimely claims, but filed before January 17, 2009 will be barred from participation in the Estate's general assets but will receive a share for the Forfeiture Fund.

Having reduced all the assets of the Estate to cash, the Trustee now seeks to dispose of disputed claims. This Objection relates to the claims of investors in the Debtor. In all cases, any allowed claims are subordinate to the claims of non-investor creditors.

/ / /

For the reasons stated the following claims should be disallowed:

1. Claim No. 87 of Abbas Daryabeigi as Exhibit "A" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. The Trustee seeks to reclassify the claim as a general unsecured creditor.

2. Claim No. 90 of Mr. Art Kohli as Exhibit "B" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this creditor money. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

3. Claim No. 91 of Mr. Albert Vargo as Exhibit "C" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

4. Claim No. 95 of Ronald Parmenter as Exhibit "D" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

5. Claim No. 98 of Mr. & Mrs. Ronald Rice as Exhibit "E" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. The Trustee seeks to reclassify the claim as a general unsecured creditor.

6. Claim No. 101 of Vafa A. Khoshibin as Exhibit "F" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this creditor money. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

7.   Claim No. 104 of Harold Dee Andrews as Exhibit "G" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

8.   Claim No. 106 of Mr. Paul Cook as Exhibit "H" hereto, there is no evidence that the claimant is entitled to priority status under 11 U.S.C. § 507. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this creditor money. There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

9.   Claim No. 108 of Comnet Corp as Exhibit "I" hereto, there is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

10.  Claim No. 109 of Dr. John Chiang as exhibit "J" hereto, . There is no supporting documentation attached to the claim that establishes competent evidence that the Debtor owes this any specific amount of money. If claimant submits satisfactory competent evidence, the Trustee will seek to reclassify the claim as a general unsecured claim.

# DECLARATION OF THOMAS W. DRESSLER

Thomas W. Dressler declares as follows:

1.      I am a partner in the Dressler Law Group LLP (prior to November 1, 2007 known as Dressler & LaViña, LLP) and have principal responsibility for the representation of Linda Chu as Trustee in the above Chapter 7 Bankruptcy case. I am a member of the State Bar of California and of the bar of this Court. I am over the age of 18 and otherwise competent to testify to the matters set forth herein. I make this Declaration based on my own personal knowledge except where otherwise specifically stated to be on information and belief.

2.      On July 2, 2002, the Debtor commenced this case by filing a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Linda J. Chu was appointed as Trustee shortly thereafter. On September 24, 2003, the Clerk of this Court gave due and proper notice that claims must be filed "on or before" December 23, 2003 (the "Bar Date"). A true and correct copy of the Notice of Bar Date is Exhibit "1" hereto.

3.      The assets of the estate consisted solely of causes of action that the Trustee successfully prosecuted to substantial monetary settlement over the next several years. One of the settlements is a settlement of a forfeiture claim asserted by the United States as part of its criminal case against certain of the Debtor's insiders. Pursuant to the forfeiture settlement (as approved by this court), the United States agreed to turnover the approximately $300,000 seized from Powercom and the Trustee agreed to separately administer that fund (the "Forfeiture Fund") so that Powercom investors who had not filed timely claims, but who filed claims prior to January 17, 2007 (the "Forfeiture Fund Bar Date") could receive a share of the Forfeiture Fund up to the distribution they would have received if they had filed a timely claim. Accordingly, those investors who filed timely claims will hold general unsecured claims while those investors who filed untimely claims, but filed before January 17, 2007, will be barred from participation in the Estate's general assets but will receive a share for the Forfeiture Fund.

4.      Having reduced all the assets of the Estate to cash, the Trustee now seeks to dispose of disputed claims numbered 254, 257 through 268 for the above stated reasons. This Objection relates to the claims

1   of investors in the Debtor.  In all cases, any allowed claims are subordinate to the claims of non-investor

2   creditors.

3       Executed under penalty of perjury pursuant to the laws of the United States and of the State of

4   California at Los Angeles, California this ___7___ day of April 2009.

5

6                            _Thomas W. Dressler_

7                            Thomas W. Dressler

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

FORM B10 (Official Form 10) (Rev. 4/01)

| United States Bankruptcy Court    Central District of California | PROOF OF CLAIM |
|---|---|

Name of Debtor *PowERCom Energy & Communications Access, Inc.*

Case Number *LA02-29177-EC*

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): *ABBAS DARYABEIGI*

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
*ABBAS DARYABEIGI
11470 Bienn Dr.
L.A., CA 90011*

☑ Check box if you have never received any notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: *(310) 398-3210*

**FILED**

··· 1 200·

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

This space is for Court Use Only

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends    a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other *Investor*

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your SS#: _____ - ___ - _____
Unpaid compensation for services performed
from _____ to _____
(date)                    (date)

**2. Date debt was incurred:** *5-3-01*

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ *100,000.00*
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

**6. Unsecured Priority Claim.**
☑ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a-___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is for Court Use Only

Date *10-27-0?*

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *_____
ABBAS DARYABEIGI*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



INCORPORATED UNDER THE LAWS OF THE STATE OF CALIFORNIA

FEBRUARY 2, 1998

POWERCOM ENERGY AND COMMUNICATIONS ACCESS, INC.

AUTHORIZED: 200,000,000 SHARES COMMON STOCK

NUMBER
708

SHARES
20,000

This Certifies that

ABBAS DARYABEIGI

is the registered holder of **"TWENTY THOUSAND"** Shares of

CHARLES HALEY

In Witness Whereof the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed this 18th day of May, 2001.

CHARLES HALEY

d. I either have the requisite knowledge or have relied upon the advice of my own counsel, accountants, business advisors, or, Purchaser Representative as to all considerations involved in making an investment in the Shares.

e. I will notify PowerCom immediately of any material change in any statement made herein occurring prior to the Company's acceptance of my Subscription.

f. I authorize PowerCom and irrevocably appoint the CEO or his assignee with specific authority to marshal any ballots and sign documents pursuant to an exchange of unit interests for equity interests in a public corporation. I authorize the Company to dissolve the Company and convert the Shares and my ownership into equity interests in a public corporation by merger or by acquisition of the Company's assets by the corporation.

**Agreed to by:**

_____     Dated: ___5 – 3 – 0 1___
Prospective Purchaser Signature #1

_____     Dated: _____
Prospective Purchaser Signature #2

SUBSCRIPTION ACCEPTED AS OF THIS DATE: _____ **MAY 1 8 2001**_____

_____
By PowerCom Energy & Communications Access, Inc.

**This document must be signed and returned to the Company at the following address:**

**PowerCom Energy & Communications Access, Inc.**
**1055 West 7th Street, Suite 100**
**Los Angeles, California 90017-2577**
**(213) 622-9226**

## SIGNATURE PAGE FOR INDIVIDUAL INVESTORS

Investor #1 information

ABBAS DARYABEIGI
PRINT OR TYPE NAME

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
SOCIAL SECURITY NUMBER

Residence Address:

1147C Pana Dr.
L.A.  CA
90066

Mailing Address (if different)

SAME

_____

E-mail address: _____

Phone: Home (310) 398-3210

Business: (   ) SAME

Date: 5-3-01

Signature:

Abbas Daryabeigi

Executed At:

L.A. , CA
City/State

Investor #2 information (second investor)

_____
PRINT OR TYPE NAME

_____
SOCIAL SECURITY NUMBER

Residence Address:

_____
_____
_____

Mailing Address (if different)

_____
_____
_____

E-mail address: _____

Phone: Home (   ) _____

Business: (   ) _____

Date: (   ) _____

Signature:

_____

Executed At:

_____
City/State

*************************************************************************************

## ACCEPTANCE
### (Please leave blank for company)

The foregoing Subscription Agreement for ___20,000___ Shares is accepted subject to the conditions

contained in this Private Placement Memorandum thereof, this ___18th___ day of ___May___ ___2001___ .

By: Charles Haley

_____

PowerCom Energy & Communications Access, Inc.

5



**PowerCom**
Energy & Communications Access, Inc.

May 18, 2001

Abbas Daryabeigi
11470 Biona Dr.
Los Angeles, CA 90066
Tel: 310.398.3210

Dear Mr. Daryabeigi:

We would like to inform you that your paperwork and funds for the investment in
PowerCom Energy & Communications Access, Inc. have been received at our office.
Enclosed please find your original stock certificate along with your copy of the signature
page of the Subscription Agreement and Purchaser Questionnaire.

The company is currently in its start up phase and we encourage you to stay informed of
our proceedings by contacting our office or browsing our website at
www.powercomenergy.com.

We suggest that you keep us informed of any address or telephone number changes in the
near future by contacting our office at 1-888-44ENERGY (443-6374) or by fax at 213-
622-9332 or by email at invest@powercomenergy.com.

We thank you for your contribution as an investor in the company.

Respectfully,

Charles Haley
President & CEO

Encl

only that you to check a box, print and sign your name, and return that page to this office
so that we can properly process your claim.

### Documentation in Support

We realize that some investors were not alerted to the claims process by the
criminal investigation until shortly before the time to make such claims expired and there
may not have been enough time to locate the supporting documents which section 8 of the
claim form requests.  In review of your claim we find that supporting documents would
assist you in stating your claim.

### Amount of Stock

We request that you please forward to this office copies of documents which reflect
your ownership of stock in Powercom Energy and Communications Access, Inc.  The
most common and the preferred document would be the shares certificate issued to you.
However if you do not have that please forward another document which you believe
shows your ownership of stock in Powercom Energy and Communications Access Inc.

### Price Paid for Stock

Upon the claims submitted we have determined that the stock of Powercom Energy
and Communications Access, Inc. was sold to investors at various prices.  Please forward
to this office evidence of the price you paid for the stock you were sold.  The preferred
supporting document would be a cancelled check or the complete and executed
subscription agreement including the acceptance page signed by Charles Haley and
reflecting the price you paid per share.  If you do not have these documents please forward
such other documents as you believe reflect completed payment for the stock.  If the stock
was purchased through your IRA and you have no other document stating the sum paid
please forward the IRA statement showing the withdrawal or disbursement made to
purchase the stock.

### Priority

Please explain on what basis you believe that your claim is a priority claim as
indicated by the box you have checked on your claim form.

### Secured

Please explain on what basis you believe that your claim is secured as indicated by
the box you have checked on your claim form.

This information will greatly assist us in processing your claim.

Thank you for your courtesy and cooperation.


Very truly yours,



Dennis McPhillips

## The Dressler Law Group, LLP
### 707 Wilshire Blvd., Suite 3700
### Los Angeles, California 90017

Dennis McPhillips
Telephone: 213-439-4200
Facsimile: 213-439-1440

**DATE**

**ADDRESS** 

**Re:    Creditor's Claim, *In Re: Powercom Energy
Access Incorporated,* Case No. LA02-29177**

Dear _____:

This office, on behalf of Ms. Linda Chu, Trustee for Powercom Energy and
Communications Access Inc., the petitioning Debtor in the matter known as In Re:
Powercom Energy and Communications Access, Inc., U.S.B.C. Case No. LA02-29177-
EC, has reviewed the proof of claim you have submitted to the bankruptcy court and this
letter is written to request clarification on a few points. Please note that we represent
only the Trustee. While we are not aware of any interest adverse to you, we are not your
lawyers and you should not rely on us for legal advice. You may want to seek advice
from your own counsel in connection with the response to this Letter. The Powercom
Estate will attempt to make some payment on the claims submitted, however the Trustee
cannot predict what percentage of recovery will be made available until the claims
process has been completed.

It is our understanding that you were introduced to the creditor's claims process by
personnel of the Federal Bureau of Investigation during their investigation of allegations
that Charles Haley and others were guilty of fraud in the offer or sale of stock in
Powercom Energy and Communications Access, Inc. As you may be aware that
investigation did culminate in the institution of a criminal proceeding against Charles
Haley which did include the charge of fraud in the sale of stock in Powercom Energy and
Communications Access Inc. You may also be aware that Mr. Haley died prior to the
completion of criminal trial.

The proof of claim form given you did not contain a box to be checked which
specifies that the claim is made for the "fraudulent sale of stock" or that the claim is
made by a "defrauded investor". We have reviewed the proofs of claims and we believe
that some have been filed by defrauded investors. However they have variously been
identified as "money loaned", "investment" and even "wage" or "retirement benefit".
We believe that these creditor's claims are made by defrauded investors as they
generally attach stock certificates and often state that the claimants received no notices
of the bankruptcy.

Based on other claims and our general understanding of this case, we suspect you
are claiming rescission of the stock sale (rescission means return of your money) because
of fraud in the offer or sale of the Powercom stock and request your confirmation of that.

For clarity, I request that you respond in writing and inform this office of whether
your creditor's claim is being made based on investment in stock of Powercom Energy
and Communications Access, Inc. due to fraudulent representations made to you as to the
value of that stock or the condition of that corporation. I attach a page which requires

**Exhibit B**

FORM B10 (Official Form 10 (9/01)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor POWERCOM ENERGY AND COMMUNICAT | Case Number LA 02-29177-EC

Credit id: 348 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503

| Name of Creditor (The person or other entity to whom the debtor owes money or property): KOHLI, MR. ART
Name and Address where notices should be sent:

KOHLI, MR. ART
10951 SHELBY FRYBURG RD.
WAPAKONETA, OH 45895

Telephone Number: _4/9 __ 227-3569_ | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court. | *02-29177-EC*

348

THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: _POP  Burl Kohl  JR_ | Check here if this claim | ☐ replaces
☐ amends | a previously filed claim, dated _____ |

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☑ Other  _INvestment_

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)        (date)

**2. Date debt was incurred:** _JUNE 2000 - JULY 2000_

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**   $ _19730.00_
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other_____
Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:**   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED

OCT 3 1 2003

| Date

_10/28/03_ | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _Burl Arthur Kohli Jr_ (BURL ARTHUR KOHLi JR) |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

348
90

Oct 28, 2003

United States Bankruptcy Court
Case Number LA 02-29177-EC
Credit ID 348

To Whom It May Concern:

This money came from my retirement fund in the amount of $19,000.00.  It was to be reinvested in
Powercom Energy and Communication.
The $130.00 was for the fee. Check # 14123 dated 8/16/00.

Mr. Art Kohli (FOB:  Burl Arthur Kohli Jr.)
10951 Shelby Fryburg Rd
Wapakoneta, Oh 45895
Telephone # 419-227-3809

[✓] Yes I am making a claim against the bankruptcy estate of Powercom
Energy and Communications Access, Inc. as a defrauded investor and I am
seeking to rescind that or those purchases of stock. (I am seeking return of
my money).

Dated: _11-7_____, 2007.

_ART Kohli_____
Print Name

_Art rkli_____
Signature

90

## The Dressler Law Group, LLP
### 707 Wilshire Blvd., Suite 3700
### Los Angeles, California 90017

Dennis McPhillips
Telephone: 213-439-4200
Facsimile: 213-439-1440

**DATE**

**ADDRESS**

**Re:**   **Creditor's Claim, *In Re: Powercom Energy
Access Incorporated*, Case No. LA02-29177**

Dear _____:

This office, on behalf of Ms. Linda Chu, Trustee for Powercom Energy and
Communications Access Inc., the petitioning Debtor in the matter known as In Re:
Powercom Energy and Communications Access, Inc., U.S.B.C. Case No. LA02-29177-
EC, has reviewed the proof of claim you have submitted to the bankruptcy court and this
letter is written to request clarification on a few points. Please note that we represent
only the Trustee. While we are not aware of any interest adverse to you, we are not your
lawyers and you should not rely on us for legal advice. You may want to seek advice
from your own counsel in connection with the response to this Letter. The Powercom
Estate will attempt to make some payment on the claims submitted, however the Trustee
cannot predict what percentage of recovery will be made available until the claims
process has been completed.

It is our understanding that you were introduced to the creditor's claims process by
personnel of the Federal Bureau of Investigation during their investigation of allegations
that Charles Haley and others were guilty of fraud in the offer or sale of stock in
Powercom Energy and Communications Access, Inc. As you may be aware that
investigation did culminate in the institution of a criminal proceeding against Charles
Haley which did include the charge of fraud in the sale of stock in Powercom Energy and
Communications Access Inc. You may also be aware that Mr. Haley died prior to the
completion of criminal trial.

The proof of claim form given you did not contain a box to be checked which
specifies that the claim is made for the "fraudulent sale of stock" or that the claim is
made by a "defrauded investor". We have reviewed the proofs of claims and we believe
that some have been filed by defrauded investors. However they have variously been
identified as "money loaned", "investment" and even "wage" or "retirement benefit".
We believe that these creditor's claims are made by defrauded investors as they
generally attach stock certificates and often state that the claimants received no notices
of the bankruptcy.

Based on other claims and our general understanding of this case, we suspect you
are claiming rescission of the stock sale (rescission means return of your money) because
of fraud in the offer or sale of the Powercom stock and request your confirmation of that.

For clarity, I request that you respond in writing and inform this office of whether
your creditor's claim is being made based on investment in stock of Powercom Energy
and Communications Access, Inc. due to fraudulent representations made to you as to the
value of that stock or the condition of that corporation. I attach a page which requires

only that you to check a box, print and sign your name, and return that page to this office so that we can properly process your claim.

### Documentation in Support

We realize that some investors were not alerted to the claims process by the criminal investigation until shortly before the time to make such claims expired and there may not have been enough time to locate the supporting documents which section 8 of the claim form requests. In review of your claim we find that supporting documents would assist you in stating your claim.

### Amount of Stock

We request that you please forward to this office copies of documents which reflect your ownership of stock in Powercom Energy and Communications Access, Inc. The most common and the preferred document would be the shares certificate issued to you. However if you do not have that please forward another document which you believe shows your ownership of stock in Powercom Energy and Communications Access Inc.

### Price Paid for Stock

Upon the claims submitted we have determined that the stock of Powercom Energy and Communications Access, Inc. was sold to investors at various prices. Please forward to this office evidence of the price you paid for the stock you were sold. The preferred supporting document would be a cancelled check or the complete and executed subscription agreement including the acceptance page signed by Charles Haley and reflecting the price you paid per share. If you do not have these documents please forward such other documents as you believe reflect completed payment for the stock. If the stock was purchased through your IRA and you have no other document stating the sum paid please forward the IRA statement showing the withdrawal or disbursement made to purchase the stock.

### Priority

Please explain on what basis you believe that your claim is a priority claim as indicated by the box you have checked on your claim form.

### Secured

Please explain on what basis you believe that your claim is secured as indicated by the box you have checked on your claim form.

This information will greatly assist us in processing your claim.

Thank you for your courtesy and cooperation.

Very truly yours,

Dennis McPhillips

**Exhibit C**

FORM B10 (Official Form 10)(4/01)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | | |

| Name of Debtor<br>POWERCOM ENERGY AND COMMUNICAT | Case Number<br>LA 02-29177-EC<br><br>Credit id: 641 |
|---|---|

*02-29177-EC*

641

THIS SPACE IS FOR COURT USE ONLY

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>VARGO, MR. ALBERT<br>Name and Address where notices should be sent:<br><br>VARGO, MR. ALBERT<br>7913 FOREST VIEW DR.<br>AUSTIN, TX 78737<br><br>Telephone Number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
|---|---|

| Account or other number by which creditor identifies debtor: | Check here if ☐ replaces<br>this claim ☐ amends  a previously filed claim, dated _____ |
|---|---|

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☑ Other   SECURITIES PURCHASED | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>   Your SS #: ___ ___ ___<br>   Unpaid compensation for services performed<br>   from _____ to _____<br>        (date)        (date) |
|---|---|

| 2. Date debt was incurred:   5 FEB. 2001 | 3. If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**  $25,000.00

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>   Brief Description of Collateral:<br>   ☐ Real Estate  ☐ Motor Vehicle<br>   ☐ Other_____<br><br>   Value of Collateral:   $_____<br><br><br>   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____ | 6. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>   Amount entitled to priority $_____<br>   Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).<br>☐ Up to $ 2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br><br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
|---|---|

| **7. Credits:**   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY<br><br>FILED<br><br>*Phu cu*<br><br>641/91 |
|---|---|

| Date<br>10/6/03 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>*Albert Vargo, Jr.* | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## SIGNATURE PAGE FOR INDIVIDUAL INVESTORS

Investor #1 information

ALBERT VARGO, JR
PRINT OR TYPE NAME

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
SOCIAL SECURITY NUMBER

Residence Address:

7913 FOREST VIEW DR.
AUSTIN, TX 78737

Mailing Address (if different)

_____

_____

E-mail address: AAVARGO@JUNO.COM

Phone: Home (512) 894-4035

Business: (   ) _____

Date: 22 JAN. 2001

Signature:

_Albert Vargo Jr._

Executed At:

AUSTIN, TEXAS
City/State

Investor #2 information (second investor)

_____
PRINT OR TYPE NAME

_____
SOCIAL SECURITY NUMBER

Residence Address:

_____

_____

_____

Mailing Address (if different)

_____

_____

_____

Phone: Home (   ) _____

Business: (   ) _____

Date: (   ) _____

Signature:

_____

Executed At:

_____
City/State

*********************************************************************************

## ACCEPTANCE
### (Please leave blank for company)

The foregoing Subscription Agreement for ____5000____ Shares is accepted subject to the conditions

contained in this Private Placement Memorandum thereof, this ___5th___ day of __February__, __2001__.

By: _____

PowerCom Energy & Communications Access, Inc.

d. I either have the requisite knowledge or have relied upon the advice of my own counsel, accountants, business advisors, or, Purchaser Representative as to all considerations involved in making an investment in the Shares.

e. I will notify PowerCom immediately of any material change in any statement made herein occurring prior to the Company's acceptance of my Subscription.

f. I authorize PowerCom and irrevocably appoint the CEO or his assignee with specific authority to marshal any ballots and sign documents pursuant to an exchange of unit interests for equity interests in a public corporation. I authorize the Company to dissolve the Company and convert the Shares and my ownership into equity interests in a public corporation by merger or by acquisition of the Company's assets by the corporation.

Agreed to by:

_____
Prospective Purchaser Signature #1

Dated: 1/22/2001

_____
Prospective Purchaser Signature #2

Dated: _____

SUBSCRIPTION ACCEPTED AS OF THIS DATE: _____ FEB 0 5 2001 _____

_____
By PowerCom Energy & Communications Access, Inc.

**This document must be signed and returned to the Company at the following address:**

**PowerCom Energy & Communications Access, Inc.**
**1055 West 7th Street, Suite 100**
**Los Angeles, California 90017-2577**
**(213) 622-9226**

6



**NUMBER**

649

**SHARES**

5000

FEBRUARY 3, 1998

INCORPORATED UNDER THE LAWS OF THE STATE OF CALIFORNIA

## POWERCOM ENERGY AND COMMUNICATIONS ACCESS, INC.

AUTHORIZED: 200,000,000 SHARES COMMON STOCK

This Certifies that _____ ALBERT VARGO, JR. _____ is the

registered holder of _____ **FIVE THOUSAND** _____ Shares of

the above named Corporation transferable only on the books of the Corporation by the holder hereof

in person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized

officers and its Corporate Seal to be hereunto affixed this ___5th___ day of ___February___ A.D. 2001.

CHARLES HALEY
SECRETARY

CHARLES HALEY
PRESIDENT

## The Dressler Law Group, LLP
### 707 Wilshire Blvd., Suite 3700
### Los Angeles, California 90017

Dennis McPhillips
Telephone: 213-439-4200
Facsimile: 213-439-1440

**DATE**

**ADDRESS**

**Re:    Creditor's Claim,** *In Re: Powercom Energy*
*Access Incorporated,* **Case No. LA02-29177**

Dear _____ :

This office, on behalf of Ms. Linda Chu, Trustee for Powercom Energy and Communications Access Inc., the petitioning Debtor in the matter known as In Re: Powercom Energy and Communications Access, Inc., U.S.B.C. Case No. LA02-29177-EC, has reviewed the proof of claim you have submitted to the bankruptcy court and this letter is written to request clarification on a few points. Please note that we represent only the Trustee. While we are not aware of any interest adverse to you, we are not your lawyers and you should not rely on us for legal advice. You may want to seek advice from your own counsel in connection with the response to this Letter. The Powercom Estate will attempt to make some payment on the claims submitted, however the Trustee cannot predict what percentage of recovery will be made available until the claims process has been completed.

It is our understanding that you were introduced to the creditor's claims process by personnel of the Federal Bureau of Investigation during their investigation of allegations that Charles Haley and others were guilty of fraud in the offer or sale of stock in Powercom Energy and Communications Access, Inc. As you may be aware that investigation did culminate in the institution of a criminal proceeding against Charles Haley which did include the charge of fraud in the sale of stock in Powercom Energy and Communications Access Inc. You may also be aware that Mr. Haley died prior to the completion of criminal trial.

The proof of claim form given you did not contain a box to be checked which specifies that the claim is made for the "fraudulent sale of stock" or that the claim is made by a "defrauded investor". We have reviewed the proofs of claims and we believe that some have been filed by defrauded investors. However they have variously been identified as "money loaned", "investment" and even "wage" or "retirement benefit". We believe that these creditor's claims are made by defrauded investors as they generally attach stock certificates and often state that the claimants received no notices of the bankruptcy.

Based on other claims and our general understanding of this case, we suspect you are claiming rescission of the stock sale (rescission means return of your money) because of fraud in the offer or sale of the Powercom stock and request your confirmation of that.

For clarity, I request that you respond in writing and inform this office of whether your creditor's claim is being made based on investment in stock of Powercom Energy and Communications Access, Inc. due to fraudulent representations made to you as to the value of that stock or the condition of that corporation. I attach a page which requires

only that you to check a box, print and sign your name, and return that page to this office so that we can properly process your claim.

**Documentation in Support**

We realize that some investors were not alerted to the claims process by the criminal investigation until shortly before the time to make such claims expired and there may not have been enough time to locate the supporting documents which section 8 of the claim form requests.  In review of your claim we find that supporting documents would assist you in stating your claim.

**Amount of Stock**

We request that you please forward to this office copies of documents which reflect your ownership of stock in Powercom Energy and Communications Access, Inc.  The most common and the preferred document would be the shares certificate issued to you. However if you do not have that please forward another document which you believe shows your ownership of stock in Powercom Energy and Communications Access Inc.

**Price Paid for Stock**

Upon the claims submitted we have determined that the stock of Powercom Energy and Communications Access, Inc. was sold to investors at various prices.  Please forward to this office evidence of the price you paid for the stock you were sold.  The preferred supporting document would be a cancelled check or the complete and executed subscription agreement including the acceptance page signed by Charles Haley and reflecting the price you paid per share.  If you do not have these documents please forward such other documents as you believe reflect completed payment for the stock.  If the stock was purchased through your IRA and you have no other document stating the sum paid please forward the IRA statement showing the withdrawal or disbursement made to purchase the stock.

**Priority**

Please explain on what basis you believe that your claim is a priority claim as indicated by the box you have checked on your claim form.

**Secured**

Please explain on what basis you believe that your claim is secured as indicated by the box you have checked on your claim form.

This information will greatly assist us in processing your claim.

Thank you for your courtesy and cooperation.

Very truly yours,

Dennis McPhillips

**Exhibit D**

FORM B10 (Official Form 10)(4/01)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor POWERCOM ENERGY AND COMMUNICAT | Case Number LA 02-29177-EC |
|---|---|
| | Credit id: 467 |

*02-29177-EC*

467

THIS SPACE IS FOR COURT USE ONLY

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): PARMENTER, MR. RONALD Name and Address where notices should be sent: PARMENTER, MR. RONALD 4455 RTE. 224 MONTOUR FALLS, NY 14865 Telephone Number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
|---|---|

| Account or other number by which creditor identifies debtor: | Check here if ☐ replaces this claim ☐ amends a previously filed claim, dated _____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other  10000 shares of stock x $3 = $30,000

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #: _____ _____ _____
Unpaid compensation for services performed
from _____ to _____
    (date)         (date)

**2. Date debt was incurred:**
September 13, 2000

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**  $ _____
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____
Value of Collateral:  $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).
☐ Up to $ 2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. Credits:**   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED
NOV 1 0 2003

| Date Oct 23, 2003 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Ronald Parmenter |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

467/95

## SIGNATURE PAGE FOR INDIVIDUAL INVESTORS

Investor #1 information

Investor #2 information (second investor)

Ronald L. Parmenter
_____
PRINT OR TYPE NAME

_____
PRINT OR TYPE NAME

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
_____
SOCIAL SECURITY NUMBER

_____
SOCIAL SECURITY NUMBER

Residence Address:

4455 RT 224
Montour Falls, N.Y.
            14865
_____

Residence Address:

_____
_____
_____

Mailing Address (if different)

_____
_____
_____

Mailing Address (if different)

_____
_____
_____

Phone: Home ( 607- 594-2141

Business: ( 607-594-7106

Date: 9-11-2000

Signature: _____

Phone: Home (   ) _____

Business: (   ) _____

Date: (   ) _____

Signature:

_____

Executed At:
Montour Falls, N.Y
_____
City/State

Executed At:

_____
City/State

*********************************************************************************

## ACCEPTANCE
### (Please leave blank for company)

The foregoing Subscription Agreement for _____10,000_____ Shares is accepted subject to the conditions

contained in this Private Placement Memorandum thereof, this ___13th__ day of __September__ , __2000__ .

By:

_Charles Haley_
_____

PowerCom Energy & Communications Access, Inc.

Exhibit "A"

# SUBSCRIPTION AGREEMENT

PowerCom Energy & Communications Access, Inc.
1055 West 7th Street, Suite 100
Los Angeles, California 90017-2577
(213) 622-9226

### 1. Subscription

The undersigned hereby applies to become a subscriber to shares in PowerCom, (the "Company"), and to purchase the number of Shares of interest indicated below in accordance with the terms of this agreement and the confidential OFFERING MEMORANDUM (the "memorandum") dated April 10, 2000, relating to the Shares.

If this agreement is being completed on behalf of a corporation, trust, or estate, it should be completed and executed by an authorized corporate officer, trustee or executor, respectively.

### 2. Representations and Warranties

The undersigned represents and warrants to the Company, as follows:

a. The undersigned has received the Memorandum including the brochure regarding PowerCom, has carefully reviewed it and has relied upon the information contained therein and upon other materials provided to him by the Company.

The undersigned understands that all documents required to be made available to the undersigned pursuant to Rule 502(b)(2) of the rules promulgated under the Securities Act of 1933, as amended, (the "Securities Act"), and all records and books pertaining to this investment have been made available for inspection by its attorney and/or accountant, and him or her, and that the books and records of the Company will be made available upon reasonable notice for inspection by investors during reasonable business hours at its principal place of business. The undersigned and/or its advisors have had a reasonable opportunity to ask questions of and receive answers from the Company concerning the offering of Shares, and all such questions have been answered to the full satisfaction of the undersigned. No oral representations have been made or oral information furnished to the undersigned or its advisors in connection with the offering of the Shares, which were in any way inconsistent with the Memorandum or the brochure.

The undersigned confirms that he or she has received no other offering material except that described in paragraph 2(a) hereof. The undersigned recognizes that PowerCom is responsible for and provided the information in the Memorandum.

All other information is provided and is the responsibility of the Company:

b. The undersigned has the net worth and income indicated in the accompanying Questionnaire and is an "accredited investor" as is indicated on the accompanying Questionnaire.

c. If the undersigned is an individual, he or she is a citizen of the United States of America, at least 21 years of age and a bonafide resident and domiciliary of the state indicated on the signature page of this Agreement, and has no present intention of becoming a resident of any other state or jurisdiction.

If the undersigned is a partnership, corporation, trust or other entity, it is organized under the laws of the United States of America or one of the states thereof and it is authorized and otherwise duly qualified to execute this agreement; further, if the undersigned is a partnership, trust or other non-corporate entity, all of its members or beneficiaries are citizens of the United States of America.

d. All information which the undersigned has provided to the Company concerning himself, its financial position and its knowledge of financial and business matters, or, in the case of a corporation, partnership or other entity, the knowledge of financial and business matters of the person making the investment decision on behalf of such entity, is correct and complete as of the date set forth on the signature page hereof, and if there should be any material